```
                IN THE UNITED STATES DISTRICT COURT                FILED
              FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
                                                                JAN 15 2019
JERSEY SUBS, INC. and
DANA PAPANICOLAS,                                           U.S. DISTRICT COURT-WVND
                                                              CLARKSBURG, WV 26301
        Plaintiffs,

v.                                          Civ. Action No. 1:18cv191
                                                    (Judge Kleeh)

SODEXO AMERICA, LLC and
LARA BEALKO,

        Defendants.
```

## MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR REMAND [DKT. NO. 10]

On or about September 13, 2018, Jersey Subs, Inc. and Dana Papanicolas ("Plaintiffs") filed a Complaint in the Circuit Court of Monongalia County, West Virginia, against Sodexo America, LLC and Lara Bealko ("Defendants"). Defendants filed a Petition for Removal on October 9, 2018, arguing that diversity jurisdiction exists (Dkt. No. 1). On October 30, 2018, Plaintiffs filed a Motion for Remand (Dkt. No. 10) and Memorandum in Support (Dkt. No. 11). On November 13, 2018, Defendants filed a response to Plaintiffs' motion (Dkt. No. 18). The Court now **DENIES** Plaintiffs' Motion for Remand (Dkt. No. 10).

Jersey Subs et al. v. Sodexo America et al.                1:18cv191

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 10]
_____

I. BACKGROUND

Plaintiffs' Complaint stems from the operation of a concession stand subcontracted through Defendants at Milan Puskar Stadium on the campus of West Virginia University. After Plaintiffs used a specific stadium location from 2002 to 2016, Defendants provided them with a new location for the 2017 football season. Plaintiffs claim they were damaged when Defendants supplied them with inadequate equipment/signage, placed Plaintiffs' stand next to a competing stand, and, in the presence of a third party, accused Plaintiffs of assisting the theft of Defendants' property. The Complaint alleges the following: (1) Tortious Interference with Contract, and (2) Defamation of Character: Slander Per Se (Dkt. No. 1-1). Plaintiffs request compensatory and punitive damages but do not cite a specific amount of damages in their Complaint.

In their Petition for Removal, Defendants allege diversity jurisdiction exists because (1) the parties are diverse, and (2) the relief requested by Plaintiffs, if awarded, would be greater than the minimum requirement of $75,000 (Dkt. No. 1). In Plaintiffs' Motion for Remand, they argue that Defendants cannot establish that the $75,000 threshold is met (Dkt. No. 11). Plaintiffs do not dispute that complete diversity among the

2

parties is present. In Defendants' response, they reiterate their position that relief, if awarded, would be greater than $75,000. They note that Plaintiffs sent a $20,000 demand letter for reputational damages while also demanding punitive damages (which may be awarded in amounts up to $500,000 or four (4) times the amount of actual damages, whichever is greater) (Dkt. No. 18).

## II. APPLICABLE LAW

When an action is removed from state court, a federal district court must determine whether it has original jurisdiction over the plaintiff's claims. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute, which is not to be expanded by judicial decree." *Id.* at 377.

"Removal statutes are strictly construed against the party seeking removal, and the burden of establishing jurisdiction rests on that party." *Ryan Envtl., Inc. v. Hess Oil Co.*, 718 F. Supp. 2d 719, 722 (N.D.W. Va. 2010) (citation omitted). "Because removal jurisdiction raises significant federalism concerns, [courts] must strictly construe removal jurisdiction." *Mulcahey v. Columbia Organic*

*Chemicals Co.*, 29 F.3d 148, 151 (4th Cir. 1994)(citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941)). If federal jurisdiction is doubtful, remand is appropriate. *In re Business Men's Assur. Co. of America*, 992 F.2d 181, 183 (8th Cir.1993); *Cheshire v. Coca-Cola Bottling Affiliated, Inc.*, 758 F.Supp. 1098, 1102 (D.S.C.1990). "Nonetheless, removal should be 'fair to both plaintiffs and defendants alike' because the right of removal is 'at least as important as the plaintiff's right to the forum of his choice.' *McKinney v. Bd. of Trs. of Mayland Cmty. Coll.*, 955 F.2d 924, 927 (4th Cir.1992)." <u>Carter v. Hitachi Koki U.S.A., Ltd.</u>, 445 F. Supp. 2d 597, 600 (E.D. Va. 2006).

Federal courts have original jurisdiction over two types of cases: those involving federal questions under 28 U.S.C. § 1331 and those involving diversity of citizenship under 28 U.S.C. § 1332. When a party seeks to remove a case based on diversity of citizenship under 28 U.S.C. § 1332, that party bears the burden of establishing that "the amount in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states." 28 U.S.C. § 1332.

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 10]

---

Generally, § 1332 requires complete diversity among parties, which means that the citizenship of all defendants must be different from the citizenship of all plaintiffs. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). For purposes of diversity of citizenship jurisdiction under 28 U.S.C. § 1332, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

When a complaint does not contain a specific amount in controversy and the defendant files a notice of removal, "the defendant bears the burden of proving that the claim meets the requisite jurisdictional amount," and "the Court may consider the entire record" to determine whether that burden was met. *Elliott v. Tractor Supply Co.*, No. 5:14CV88, 2014 WL 4187691, at *2 (S.D.W. Va. Aug. 21, 2014)(citing *Mullins v. Harry's Mobile Homes, Inc.*, 861 F.Supp. 22, 23 (S.D.W. Va. 1994)). If the defendant sufficiently proves by a preponderance of the evidence that the amount in controversy exceeds $75,000 and the parties are diverse, then removal is proper. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014).

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 10]

___

In order to be operative, a disclaimer of recovery must be "a formal, truly binding, pre-removal stipulation signed by counsel and his client explicitly limiting recovery." *McCoy v. Erie Ins. Co.*, 147 F.Supp.2d 481, 485 (S.D.W. Va. 2001) (emphasis added); *see also Virden v. Altria Group, Inc.*, 304 F.Supp.2d 832, 947 (N.D.W. Va. 2004) ("Therefore, absent a binding stipulation signed by [the plaintiff] that he will neither seek nor accept damages in excess of $75,000, the Court must independently assess whether the defendants proven by a preponderance of the evidence that [the plaintiff's] complaint seeks damages in excess of $75,000.").

### III. DISCUSSION

Based on the applicable standards and the record before the Court, it is clear that Defendants have met their burden to prove that diversity jurisdiction exists. As discussed below, all plaintiffs are diverse from all defendants, and the amount in controversy requirement is satisfied.

a. Citizenship

Diversity of citizenship exists here. Plaintiff Jersey Subs is a West Virginia Corporation with a principle place of business in West Virginia (Dkt. No. 1-1). Plaintiff Dana Papanicolas was and is a citizen of West Virginia (Dkt. No. 1-

MEMORANDUM OPINION AND ORDER DENYING
PLAINTIFF'S MOTION FOR REMAND [DKT. NO. 10]

_____

1). Defendant Sodexo America, LLC is a Delaware limited liability company with its principal place of business in Maryland. (Dkt. No. 1). Defendant Lara Bealko is a resident and citizen of Pennsylvania (Dkt. No. 1). All plaintiffs are diverse from all defendants, and, therefore, the diversity of citizenship requirement is met.[1]

b. Amount in Controversy

After considering the entire record, the Court finds that Defendants have satisfied their burden to prove that the amount in controversy exceeds $75,000. It is well-established that courts may "consider[] a plaintiff's good faith claim for punitive damages in [their] calculation of the amount in controversy." *Kenney v. Indep. Order of Foresters*, No. 3:23-cv-123, 2012 WL 6149171, at *3 (N.D.W. Va. Dec. 11, 2012). Furthermore, "a good faith claim for punitive damages may augment compensatory damages in determining the amount in controversy unless it can be said to a legal certainty that plaintiff cannot recover punitive damages in the action." *Asbury-Castro v. GlaxoSmithKline, Inc.*, 352 F. Supp. 2d 729, 732

_____

[1] Plaintiffs did not challenge the diversity prong of the analysis in their Motion to Remand. Nonetheless, the Court, mindful of the need to assess if jurisdiction exists, is satisfied this requirement is met in this matter.

(N.D.W. Va. 2005) (citing *White v. J.C. Penney Life Ins. Co.*, 861 F.Supp. 25, 27 (S.D.W. Va. 1994)).

Here, Plaintiffs have alleged intentional torts and made a good faith claim for punitive damages in their Complaint. Punitive damages, arguably, may be recovered under either of the two claims pled in Plaintiffs' Complaint. *See, e.g., Hinerman v. Daily Gazette Co., Inc.*, 188 W. Va. 157, 423 S.E.2d 560 (affirming award of punitive damages in defamation action) and *Warden v. Bank of Mingo*, 176 W. Va. 60, 65 n.7, 341 S.E.2d 679, 684 n.7 (1985) (noting distinction between contract and tort actions). Although the availability of punitive damages under a tortious interference with contractual relationship claim is arguably the more tenuous of the two, that question ultimately has no impact on whether this Court has jurisdiction as alleged in Defendants' Petition. The amount in controversy is clearly satisfied by the defamation claim and the potential for punitive damages under that cause of action.

> When the well-pleaded complaint contains at least one claim that satisfies the amount-in-controversy requirement, and there are no other relevant jurisdictional defects, the district court, beyond all question, has original jurisdiction over that claim. The presence of other claims in the complaint, over which the district court may lack original jurisdiction, is of no moment. If the court has original jurisdiction over a single claim in the complaint, it has original jurisdiction over a "civil

action" within the meaning of § 1367(a), even if the civil action over which it has jurisdiction comprises fewer claims than were included in the complaint. Once the court determines it has original jurisdiction over the civil action, it can turn to the question whether it has a constitutional and statutory basis for exercising supplemental jurisdiction over the other claims in the action.

*Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 559 (2005). To the extent punitive damages are not recoverable under Plaintiffs' tortious interference cause of action and the amount in controversy requirement is not satisfied with respect to that claim, this Court could, and does, exercise its supplemental jurisdiction over that claim with diversity of citizenship jurisdiction present on the defamation claim. 28 U.S.C. § 1367.

In West Virginia, punitive damages may be awarded in amounts up to $500,000 or four (4) times compensatory damages, whichever is greater. W. Va. Code § 55-7-29(c). Plaintiffs' Complaint clearly seeks an award of such damages (Dkt. No. 1-1). Plaintiffs' Complaint also demanded compensatory damages for both lost profits and reputational harm.[2] Considering the *minimum*

---

[2] Defendants' removal papers reference, without specifics, the potential value of the lost profits allegedly incurred because of the Plaintiffs' new location in Milan Puskar Stadium. The Court, at Defendants' suggestion, does take judicial notice that the West Virginia University Mountaineers play football in the Big XII Conference with most of the Mountaineers' home games

9

cap on claims for punitive damages is $500,000 and Plaintiffs' demand for reputational harm of $20,000 (Dkt. No. 18), the amount in controversy is satisfied.

## IV. CONCLUSION

For the reasons discussed, Defendants have met their burden to demonstrate that diversity jurisdiction exists. Therefore, the Court **DENIES** Plaintiffs' Motion for Remand (Dkt. No. 10).

It is so **ORDERED**.

The Court **DIRECTS** the Clerk to transmit copies of this Order to counsel of record.

DATED: January 15, 2019.

/s/ Thomas S. Kleeh
THOMAS S. KLEEH
UNITED STATES DISTRICT JUDGE

---

against other members of that conference on an annual basis. Those games, along with the Mountaineers' non-conference games, usually have attendance near or in excess of 60,000 people. Notwithstanding these facts, without more specific data related to historical game day sales and the difference between the two locations in the stadium, the Court does not rely on the lost profits claim in finding the amount in controversy requirement is satisfied.